IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr250

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| LENNY LEE CRAIG (14) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine, (Doc. No. 585), and the government's response, (Doc. No. 603).

The defendant pled guilty to conspiring to possess at least 50 but fewer than 150 grams of cocaine base with intent to distribute. (Doc. No. 319: Judgment at 1; Doc. No. 202: Plea Agreement at 1). The resulting offense level of 32 was decreased by 4 for having a minor role and by 3 for accepting responsibility. (Presentence Report (PSR) at ¶ 32, 36, 40). Combined with a criminal history category of VI, the resulting advisory guideline range was 120 to 137 months.[1] The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 309: Motion). After granting the motion, the Court sentenced the defendant to 84 months' imprisonment.[2] (Doc. No. 318: Judgment at 2).

In determining whether the defendant is entitled to a further reduction under the recent amendments to the guidelines, the Court must calculate the guideline range as if the amendments

---

[1] The defendant's offense was subject to a mandatory minimum sentence of 10 years. 21 U.S.C. § 841(b)(1)(A)(iii).

[2] The sentence was affirmed on appeal. (Doc. No. 501: Opinion).

had been in place at the time of sentencing. USSG §1B1.10(b)(1). If a statutory mandatory minimum exceeds the guideline range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). No reduction in sentence is authorized under 18 U.S.C. § 3552(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008); United States v. Robinson, No. 3:95cr178 (W.D.N.C. Aug. 22, 2008) (Whitney, J.); United States v. Thompson, 2008 WL 3853508, slip op. at 1 (W.D.N.C. Aug. 19, 2008) (Thornburg, J.); United States v. Holly, 2008 WL 2705602, slip op. at 3-4 (W.D.N.C. July 10, 2008) (Reidinger, J.); but see United States v. Foxx, 2008 WL 2986964, slip op. at 1 (W.D.N.C. July 31, 2008) (Mullen, S.J.) (calculating amended guideline range from resulting range following departure beneath mandatory minimum at original sentencing).

Here, the amended guidelines provide for a two-level reduction in offense level, but the resulting guideline range remains trumped by the 120-month mandatory minimum sentence prior to considerations of departure. Therefore, the defendant is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 23, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

2

Case 3:04-cr-00250-RJC-DSC   Document 610   Filed 10/23/08   Page 2 of 2